**In the Matter of Kimberly RYAN.**

**No. 88–84–M.P.**

Supreme Court of Rhode Island.

March 18, 1988.

Thomas M. Bohan and Laureen D'Ambra, Dept. of Children and Their Families, for plaintiff.

John D. Lynch, Lynch, McKiernan & Costello, Warwick, for defendant.

OPINION

PER CURIAM.

This matter is before the court on a petition for writ of habeas corpus filed by the petitioner Frederick Hone, who having been adjudged in contempt of a Family Court restraining order, has been ordered to serve a previously imposed ninety-day suspended sentence. Hone now petitions this court for his release from incarceration. On March 9, 1988, a single justice of this court, after meeting with the parties, assigned the matter for consideration by the full court, and directed the parties to file memoranda in support of their respective positions and to procure a transcript of the contempt proceedings.

The record of this case discloses that on March 24, 1987 a restraining order was issued against Frederick T. Hone from contacting, annoying or interfering with Kimberly Ryan or the Department for Children and Their Families (DCF) until further order of the Family Court. At that same time the child, Kimberly Ryan, was placed in the temporary custody of DCF. Mr. Hone at that time was represented by counsel. No appeal was taken from said order. On April 14, 1987, a decree of dependency was entered in respect to Kimberly Ryan, largely on the ground that her parents were unable to keep her from engaging in a relationship with Mr. Hone, said relationship being deemed by her parents and DCF as wholly inappropriate because of the great disparity between their ages. At that time Kimberly was approximately sixteen years of age and Mr. Hone approximately forty-six years of age, and this relationship had been in existence for an extended period of time. During the hearing on the dependency petition Mr. Hone appeared through counsel, and, without objection from counsel, he was again restrained in terms identical to the March 24 decree.

On September 29, 1987, Mr. Hone again came before a justice of the Family Court and was found to have been in willful contempt of the restraining orders issued on March 24, 1987 and April 14, 1987. At that time he was sentenced to three months in the Adult Correctional Institutions, and said sentence was suspended. Mr. Hone was specifically advised in the decree that all prior restraining orders were to remain in full force and effect and was given notice that violation of said decree would result in the removal of the suspension from his sentence. No appeal was taken from the finding of contempt or from the imposition of a suspended sentence.

In spite of the prior proceedings and court orders, it is undisputed that Mr. Hone not only continued his forbidden relationship with Kimberly Ryan, but actually participated in conduct which rendered her pregnant and also participated with her in a ceremonial marriage in the state of Georgia on February 18, 1988. All of the foregoing facts were found by the trial justice and are supported by undisputed testimony, admissions by counsel, as well as by irrefutable documentary evidence. As a result of this conduct, the trial justice found Mr. Hone in willful contempt and removed the suspension from his three month sentence, thereby requiring him to serve said sentence at the ACI.

Mr. Hone in support of his petition for habeas corpus raises a barrage of technical defenses, notably a claim that he was given insufficient notice and opportunity to be heard on a charge of criminal contempt. *See Coolbeth v. Berberian*, 116 R.I. 188, 354 A.2d 120 (1976). We believe that this argument is without merit. In this instance, all decrees and restraining orders were designed to be coercive in aid of the determination by the Family Court that Mr. Hone should discontinue completely his relationship and contacts with Kimberly Ryan. Merely because the ultimate sanction imposed is no longer subject to being purged by Hone does not convert the proceeding to one of criminal contempt.

If a court order is to have any validity in a civil case, it must be made apparent to

litigants that said order will be enforced. A coercive sanction which dissolves upon willful noncompliance is obviously of no significant aid in enforcing a judicial decree. It is true that Mr. Hone no longer holds the key to the correctional institution in his pocket, but he in effect inserted that key and opened the door which has now been closed behind him.

At all stages of these proceedings, Mr. Hone had adequate notice of the alleged violations for which punishment was to be imposed. He was represented by counsel and given an opportunity to testify and present witnesses in his own behalf. His defense seemed to consist of the argument that since he had married Kimberly, the restraining order was therefore superseded by his act and was no longer of any force or effect. We believe that judicial orders in either this state or the federal system cannot be so easily set aside by one who seizes the judicial power in his own hands. *See United States v. United Mine Workers of America*, 330 U.S. 258, 67 S. Ct. 677, 91 L. Ed. 884 (1947).

For the reasons stated the petition for writ of habeas corpus is denied.